# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Bellamy, #323612, | ) C/A No. 4:16-3807-RMG-TER |
|                      Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| Warden, Lieber Correctional Institution, | ) |
|                      Respondent. | ) |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is a state prisoner. Petitioner filed a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" Form AO241 on December 2, 2016. (ECF No. 1). Plaintiff has not placed this case into proper from, has not filed a Motion for *In Forma Pauperis* or paid the filing fee, and has not answered the questions listed in the Petition, despite court orders with specific instructions and forms. Nevertheless, the court addresses the untimeliness of Petitioner's first habeas petition.[1]

Petitioner filed his § 2254 Petition, by delivering it to prison officials to be mailed, on November 28, 2016. (ECF 1-1); *see Houston v. Lack*, 487 U.S. 266, 271 (1988). On August 6, 2009,

---

[1] A habeas action is one of the narrow circumstances in which the court may *sua sponte* consider statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002). This is because habeas proceedings "implicate important judicial and public concerns not present in ordinary civil litigation" and in habeas proceedings, "district courts are charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006). Despite a failure to abide by court orders to answer the questions contained in the instant Petition, it plainly appears from Petitioner's attachments that the Petition is untimely, such that *sua sponte* dismissal is appropriate. *See Hill*, 277 F.3d at 706; *Eriline*, 440 F.3d at 656. The undersigned has also given Petitioner two opportunities to present a factual explanation as to why the Petition should not be dismissed as untimely, in compliance with *McMillan v. Jarvis*, 332 F.3d 244, 250 (4th Cir. 2003) and *Day v. McDonough*, 547 U.S. 198, 210-11 (2006).

Petitioner was convicted after a jury trial for burglary(case number 2007-GS-2603930) and armed robbery with sentences of life imprisonment and thirty years to run concurrently. (ECF No. 1 at 47-48). Petitioner timely filed a direct appeal of his convictions to the South Carolina Court of Appeals and the remittitur was issued to the lower court on June 6, 2011. (ECF No. 1 at 37, 20). Under SCACR Rule 221, Petitioner had 15 days to petition for rehearing and did not. Therefore, Petitioner's conviction became final on June 21, 2011.

Thereafter, on July 6, 2011, Petitioner filed his first post-conviction relief motion (PCR)(2011-CP-2605644) in the court of common pleas. (ECF No. 1 at 38-39, 21). On September 13, 2012, the lower court dismissed the PCR. Petitioner had thirty days to appeal the dismissal and appealed on September 24, 2012. The remittitur from the Court of Appeals, dismissing the PCR, was filed in the lower court on February 17, 2015.

Petitioner filed a second PCR application(2015-CP-26-2344) on March 26, 2015, and it was dismissed on May 20, 2016. (ECF No. 1 at 36-42).

Since the Petition in this case is untimely, in two orders (ECF Nos. 5 & 10) dated December 7, 2016, and January 4, 2017, the undersigned directed the Petitioner as follows:

> Upon initial review of the Petition, it appears from the face of the Petition that this case may be untimely filed. This order is notice to Petitioner that the court is considering dismissal of his case based on the running of the one-year statute of limitations. Unless the petitioner provides facts casting doubt on the issue of untimeliness of his Petition and thereby prevent dismissal based on the limitations bar, this case may be subject to dismissal. Accordingly, Petitioner is granted twenty-one (21) days to file a factual explanation with this court to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d), including but not limited to, factual dispute regarding the relevant dates of filings in state court mentioned and/or facts supporting the application of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

(ECF No. 5).

Additionally, the Order cited law in regard to the functioning of the habeas one-year statute of limitations:

> Section 2244(d) provides that a petition for writ of habeas corpus must be filed within one year of the date on which the conviction being challenged becomes final. The one-year period does not run ("is tolled") during the time period that a direct appeal and a post-conviction relief ("PCR") application are pending. Petitioner's first PCR application was denied and the remittitur from the court of appeals filed on February 17, 2015.
>
> Further, § 2244(d)'s one-year statute of limitations is subject to equitable tolling which could extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). A petitioner may be entitled to equitable tolling of the statute of limitations if he can demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In 2010, the United States Supreme Court considered the issue and held that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (quoting *Pace*, 544 U.S. at 418)).

(ECF No. 5).

## DISCUSSION

The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed due to untimeliness.

The Petition in the above-captioned case is clearly untimely. The AEDPA, 28 U.S.C. 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The "delivery" date of the instant Petition is November 28, 2016. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for

forwarding to District Court). The Petition and attachments show the following periods of untolled time:

— June 21, 2011 (the date upon which the Petitioner's conviction became final under SCACR Rule 221) to July 6, 2011 (the filing date for Petitioner's first state PCR action) (15 days)

— February 17, 2015 (the date the South Carolina Court of Appeals remittitur[2] on Petitioner's first PCR was filed in the lower court) to November 28, 2016 (the *Houston v. Lack* delivery date of the instant Petition) (650 days)

Accordingly, the Petitioner has at least 20 months of untolled time. This aggregate time period exceeds the one-year statute of limitations of 28 U.S.C. § 2244(d). *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Therefore, the present petition is time-barred and should be dismissed on that basis.

From Petitioner's numerous and voluminous filings in this action, the following statements can be construed as Petitioner's arguments on the statute of limitations: "Thus, the action is filed pursuant to 2244(d)(1)(c), the date on which the constitutional right asserted was initially recognized by the U.S. Supreme Court. This gives us one year from that date to file. Thus the statute of limitations do not apply in this case." (ECF No. 1 at 7-8). "This habeas corpus is also filed pursuant to 2244(d)(1)(B) the date on which the impediment to filing an application created by state and federal action via fraud in violation of the U.S. Constitution or law of the United States." Supporting

---

[2] It matters not whether untolled time is run from the date the South CarolinaCourt of Appeals dismissed his PCR appeal or the date the remittitur was filed in the lower court, the Petition would still be untimely. *Cf. Beatty v. Rawski*, 2015 WL 1518083 (D.S.C. Mar. 31, 2015)(one-year limitations period for filing federal habeas petition remained tolled until remittitur on appeal from denial of post-conviction relief was filed in circuit court).

this statement, Petitioner states that judges conspired to "make the claims appear frivolous to avoid suit." (ECF No. 1 at 8). He alleges that § 1983 claims for false imprisonment were defaulted on such that his conviction has already been invalidated. (ECF No. 1 at 9). Petitioner says he obtained the default in December 2015/January 2016 and he has one year to file from that date. (ECF No. 1 at 10). Petitioner argues that he received default against the attorney general in state cause number 2013-cp-400-0084 and that he would have been prejudiced if he had made his habeas argument without obtaining the default. (ECF No. 1-2 at 13). Additionally, Plaintiff argues fraud by federal and state court judges "created a reset on this issue starting December 1, 2016 when they attempted to obtain the tainted, fraudulent order." (ECF No. 1-3 at 29).

To the extent Petitioner argues he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), an "impediment" is defined as an "obstruction, hindrance, or obstacle" and is not synonymous with "futile." *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000). Even though an effort to obtain habeas relief "may have been incapable of producing a successful result," an impediment does not exist where "the effort itself was still possible." *Id.* Petitioner attempts to argue that the impediment to filing his federal habeas petition was that he had not yet received default in a state action that he is not a party to—Richland County Court of Common Pleas, cause number 2013-cp-400-0084. Petitioner's argument is without merit because "default" against a party is not required to file a federal habeas petition. Petitioner's belief is that he could not "succeed without default;" this is not an impediment because filing a habeas petition itself was still possible. *See Minter*, 230 F.3d at 666.

The habeas statute of limitations is subject to equitable tolling if Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

6

way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal citation and quotation omitted).

To the extent Petitioner argues he is deserving of equitable tolling due to the alleged fraud committed by state and federal court judges through various orders in cases not directly affecting the timing and tolling of his habeas petition, this argument is without merit. There is no evidence that warrants equitable tolling. Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the Petition should be dismissed as barred by the statute of limitations.[3]

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondent to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d).

|  |  |
|---|---|
| February 3, 2017 | s/ Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Petitioner's attention is directed to the important notice on the next page.**

---

[3] The Petitioner's right to file objections to this Report and Recommendation and Petitioner's prior opportunity to respond to this court's order constitute opportunities to object to a dismissal of this Petition based on the statute of limitations. *Hill*, 277 F.3d at 707; *cf. Bilal v. North Carolina*, 287 Fed. Appx. 241, 2008 WL 2787702 (4th Cir. July 18, 2008).

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 2317
>Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

.