IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Travis Bellamy, | ) | Civil Action No. 4:16-3807-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, Lieber Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending the petition for habeas relief under 28 U.S.C. § 2254 be dismissed with prejudice and without requiring Respondent to file a return. For the reasons set forth below, the Court adopts the Report and Recommendation.

I. **Background**

On August 9, 2009, Petitioner was Petitioner was convicted of burglary and armed robbery with sentences of life imprisonment and thirty years to run concurrently. Petitioner timely filed a direct appeal of his convictions to the South Carolina Court of Appeals and the remittitur was issued to the lower court on June 6, 2011. Petitioner did not petition for rehearing and his conviction became final on June 21, 2011. On July 6, 2011, Petitioner filed his first post-conviction relief ("PCR") application; that application was dismissed on September 13, 2012. The remittitur from the Court of Appeals, affirming dismissal of the PCR application, was filed in the lower court on February 17, 2015. Petitioner filed a second PCR application on March 26, 2015, which was dismissed on May 20, 2016. On November 28, 2016, Petitioner filed the present

petition for habeas relief in this Court. On February 3, 2017, the Magistrate Judge recommended the petition be summarily dismissed as time-barred. Petitioner filed no objections.[1]

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

---

[1] On February 23, 2017, the Court received a letter from Petitioner stating in its entirety, "I am giving you notice of additional objections to the Report and Recommendation in this case being sent to the Charleston division. Please get those documents and file in this case." (Dkt. No. 29.) Petitioner was instructed to mail objections to the Florence Courthouse—at the same address to which he sent his letter stating that he had decided to send his objections to a different address. No objections have been received from Petitioner at the Charleston Courthouse. Further, the Court has searched the dockets of Petitioner's other cases in this District (Civ. Case Nos. 4:17-445-RMG-TER, 4:16-2939-MBS, 4:16-3104-MBS, 0:16-992-TMC-PJG, 8:14-3555-RBH) and has found no documents that could be objections to the Report and Recommendation.

### III. <u>Discussion</u>

The Court must screen habeas petitions to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases. Thus, courts may *sua sponte* consider statute of limitations in habeas actions. *See Hill v. Braxton*, 277 F.3d 701, 706 (4th Cir. 2002); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012). Where there was no direct appeal to the state court of last resort, the triggering date is the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Additionally, the one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191, 198, 201 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling period ends with "final resolution through the State's postconviction procedures [which] does not occur in South Carolina until the remittitur is filed in the circuit court." *Beatty v. Rawski*, 97 F. Supp. 3d 768, 775 (D.S.C. 2015) (internal quotation marks and citation omitted).

The Magistrate Judge calculated the relevant periods and determined the petition is time-barred. Petitioner's convictions became final on June 21, 2011. He filed the present petition 1987 days later, on November 28, 2016. Petitioner's first PCR application tolled 1322 days, leaving 665 days—well beyond the 356 day limitations period. Petitioner's second PCR application was filed six weeks after the termination of Petitioner's first PCR application and it was pending in state courts for 421 days. The present petition is timely if (and only if) the second PCR application is counted for tolling purposes. However, a PCR application does not toll the habeas limitations period if it is not "properly filed," *see* 28 U.S.C 2244(d)(2), and an untimely or successive PCR application is not "properly filed." *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding PCR application rejected as untimely by state court does not toll habeas limitations period). Petitioner's second PCR application was dismissed as an untimely and successive application. (*See* Dkt. No. 1 at 20–24 (state's motion to summarily dismiss second PCR application as successive and untimely)); *Bellamy v. South Carolina*, 2015-CP-2602344 (S.C.C.C.P May 20, 2016) (order granting motion). The petition for habeas relief therefore is barred as untimely. 28 U.S.C. 2244(d).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 25) as the Order of the Court and **DISMISSES** the petition for habeas relief (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 3, 2017
Charleston, South Carolina

-4-