# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Travis Bellamy, ) | Civil Action No. 4:16-3807-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden, Lieber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's objections to the Report and Recommendation. Petitioner's objections were due on February 24, 2017. On February 23, 2017, the Court received at the Florence Courthouse a letter from Petitioner, dated February 17, 2017, stating, "I am giving you notice of additional objections to the Report and Recommendation in this case being sent to the Charleston division. Please get those documents and file in this case." (Dkt. No. 29.) No objections were ever received at the Charleston Courthouse, but on March 2, 2017, Petitioner mailed his objections directly to the Florence Courthouse (the proper address). (Dkt. No. 35.) The Court construes Petitioner's untimely objections, mailed after the deadline for objections and received after the Court has ruled on the Report and Recommendation, as a motion to consider. The Court denies Petitioner's objections, construed as a motion to reconsider, for the reasons set forth below. Further, the Court denies a certificate of appealability in this matter.

Petitioner's objections, styled as "Affidavit of Facts Giving Judicial Notes, Filing Additional Objections To The Report and Recommendation; Motion To Suspend The Rules For Any Defect In Form and Motion to Motion Therefor," are 3 typed pages and 35 barely legible handwritten pages of incomprehensible gibberish that mostly concern cases other than the present habeas petition. The habeas petition in this action was dismissed as untimely filed. (Dkt. No. 32

at 4.) The only statements possibly germane to that ruling that the Court can decipher from Petitioner's objections are

> (1) a listing of many habeas actions brought by other persons in which habeas relief was denied, followed by the statement, "These are just a few of the 300+ cases these judges defrauded also establishing equitable tolling."
>
> (2) "I, we, object to the claim we did not establish equitable tolling. The issues and case was consistently pursued as is proven by the documents filed in case 4:16-cv-2939, 3101–07 since 2005/2006. Case 2013-CP-400-0084 is not the original case where collateral estoppel attaches to all parties since the SC Attorney General is party." Petitioner continues at some length to refer to various cases in the South Carolina court of common pleas, and concludes that those cases establish a basis for equitable tolling for some unstated reason.

Regarding the first statement, a listing other persons' denied habeas petitions is not a cognizable argument for equitable tolling in the present case. Regarding the second statement, the federal case number he cites is a § 1983 action brought by John E. Sutcliffe, which (improperly) sought habeas relief and which was dismissed as moot because the plaintiff had died. Petitioner, along with many other prisoners, was terminated from that suit because prisoners proceeding *in forma pauperis* must pursue their claims separately. He therefore was broken out into case number 4:16-3104-RBS, in which his amended complaint named as defendants, *inter alia*, all member states of the United Nations, all U.S. states and territories that allow same-sex marriage, various United States District Court judges, the South Carolina Supreme Court, and various state prison officials. The amended complaint is *1,656 handwritten pages* long. Petitioner perhaps means that something within that filing establishes cause for equitable tolling in this case, but if so, he provides no hint

.

as to what that might be other than to reference the 156-page "Genetry Fraud Issue" document that is exhibit 1 to the amended complaint (*see* Dkt. No. 35 at 34.)

One of Petitioner's few clear statements, however, is that "the previous filed Writ of Error/Habeas Corpus petition is indeed his initial response to the report and recommendation." (Dkt. No. 35 at 1.) Of course, the document initiating this action cannot be the "initial response" to a later recommendation to terminate this action. It appears that Petitioner means to say that in response to the Report and Recommendation he stands on his previous filing. The Court fully considered those filings when it adopted the Report and Recommendation, so they can provide no basis for reconsideration.

For the foregoing reasons, the Court **DENIES** Petitioner's objections to the Report and Recommendation of the Magistrate Judge, construed as a motion to reconsider the Court's order adopting the Report and Recommendation (Dkt. No. 35), and **ORDERS** that this matter is closed, and directs the Clerk not to accept any further filings, other than a notice of appeal, from Petitioner in this matter.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **AND IT IS SO ORDERED.**

                                            Richard Mark Gergel
                                            United States District Court Judge

March 9, 2017
Charleston, South Carolina